UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELLIOT BATES  Plaintiff, | Civil Action No. 08-5600 (JAP) |
| v. | **OPINION** |
| PAUL KIMBALL HOSPITAL, et al.,  Defendant, |  |

PISANO, District Judge.

This matter comes before the court on a motion by *pro se* plaintiff Elliot Bates ("Plaintiff") to reopen the case based upon Plaintiff's allegation of slander to his name and record. Plaintiff initially filed the complaint in this matter on November 11, 2008 (Document No. 1). The Court subsequently dismissed the complaint against Monmouth Ocean Hospital Services Corporation on February 24, 2009 (Document No. 29) and dismissed the complaint against the remaining Defendants on April 23, 2009 (Document No. 39). Plaintiff appealed the dismissals, but the appellate court affirmed the Court's decisions on September 24, 2009 (Document No. 43).

The Court is required to construe a *pro se* Plaintiff's motions liberally. S*ee Hartmann v. Carroll*, 492 F.3d 478, 482 n. 8 (3d Cir.2007). Given that this matter has been dismissed on the merits with prejudice, the Court will construe Plaintiff's motion to reopen the case as a motion for relief from a final judgment, order, or proceeding under the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. R. 60(b). Rule 60(b) provides an "exception to finality," that "allows a party to

seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1376 (U.S. 2010) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). These limited circumstances include any of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment in void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Pro. R. 60(b). The purpose of a Rule 60(b) motion is not to reargue the points raised in the underlying final order, but is rather an attempt by the federal judicial system to balance the occasionally conflicting goals of finality and fairness. *See Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) ("The general purpose of Rule 60 which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.").

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances," *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981) (quoting 7 Moore's Fed. Practice ¶ 60.27(1) at 351). A "district court is given broad discretion to deny or grant relief in light of the particular circumstances of the case." 7 Moore's Fed. Practice ¶ 60.18. The rule "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," but such authority should only be applied in "extraordinary circumstances."

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1987) (internal citations omitted).

In support of his motion, Plaintiff has submitted one sentence stating: "This is a motion to reopen this case because of slander to my name and record (Elliot Bates) by Kimball Medical Center which was not true and to be a part of Civil Action 10-2237." Plaintiff's sparse submission fails to establish any legal or factual support for a Rule 60(b) motion.

For the reasons above, Plaintiff's motion for relief from a final judgment, order, or proceeding is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: September 30, 2010